```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Walter Bryska and Laurie Bryska

   v.                              Civil No. 06-cv-455-JD

Daniels Transportation Co., Inc.
and Richard N. Denis


O R D E R

After a motor vehicle accident on Route 91 in Vermont, Walter and Laurie Bryska brought negligence claims against the driver of the truck involved in the accident, Richard N. Denis, and his employer, Daniels Transportation, Co., Inc. Denis and Daniels Transportation move to dismiss the suit as barred by the statute of limitations. The Bryskas have not filed a response to the motion to dismiss.


Standard of Review

When, as here, the defendants have filed an answer, a motion to dismiss is properly considered as a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is decided under the same standard as a motion to dismiss. Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005). "[T]he trial court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all

reasonable inferences in her favor." <u>Asociacion de Subscripcion Conjunta Del Seguro de Responsabilidad Obligatorio v. Flores Galarza</u>, 484 F.3d 1, 22-23 (1st Cir. 2007). In drawing inferences, however, the court must also consider "[h]ow likely is it that one conclusion, as compared to others, follows from the underlying facts?" <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, --- S.Ct. ---, 2007 WL 1773208 at *10 (June 21, 2007).

## Discussion

The statute of limitations in New Hampshire provides in pertinent part:

> Except as otherwise provided by law, all personal actions . . . may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

N.H. Rev. Stat. Ann. § 508:4,I. The exception to the three year limitation period, which depends on discovery of the causal relationship between the injury and the complained of act, is known as "the discovery rule exception." <u>Kelleher v. Lumber</u>, 152 N.H. 813, 824 (2005). "Once the defendant establishes that the cause of action was not brought within three years of the alleged

act, the burden shifts to the plaintiff to raise and prove the applicability of the discovery rule." Id.

In their complaint, the plaintiffs allege that Denis and Walter Bryska were driving on Route 91 in Springfield, Vermont, on December 2, 2003, when the accident occurred.  They allege that Denis was negligent and caused the accident that injured Walter Bryska on that date.  The plaintiffs filed their complaint on December 4, 2006.

As the defendants assert in their motion to dismiss, the plaintiffs did not bring the action within three years of the date of the accident, as required under New Hampshire Revised Statutes Annotated § 508:4,I.  The plaintiffs did not respond to the motion and therefore have not raised the discovery rule exception.  In the absence of proof of the applicability of the discovery rule exception, the plaintiffs' claims are barred by the statute of limitations.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to dismiss (document no. 20) is granted.  The plaintiffs' claims are dismissed as barred by the statute of limitations.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

<u>/s/ Joseph A. DiClerico, Jr.</u><br>Joseph A. DiClerico, Jr.<br>United States District Judge

July 11, 2007

cc:  Gerald Noonan, Esq.
     Peter Leahy, Esq.
     Andrew Dunn, Esq.